IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02799-MSK-MJW

ROMAN CHRISTOPHER MESINA,

    Petitioner,

v.

BLAKE R. DAVIS, Warden, FCC-Florence,

    Respondent.

---

**OPINION AND ORDER DENYING APPLICATION FOR
WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2241**

---

THIS MATTER comes before the Court pursuant to the Petitioner Roman Christopher Mesina's Amended Application for Writ of *Habeas Corpus* **(#6)** pursuant to 28 U.S.C. § 2241 and Declaration in Support **(#11)**,[1] to which the Respondent responded **(#44)**, and Mr. Mesina relied **(#47)**.

---

[1] The Court is mindful that Mr. Mesina is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Also pending are numerous motions filed by Mr. Mesina: (1) Motion to Appoint Counsel **(#14)**; (2) Motion for Leave to Amend the Application for Writ of Habeas Corpus **(#20)**; and (3) Motion for Hearing/Conference **(#36)**, and affidavit **(#37)** and brief in support **(#38)**. No response has been filed as to any of these motions.

## I.  Issue Presented

In this action, Mr. Mesina challenges the legality of his conviction pursuant to a recent decision by the Supreme Court interpreting a term of the statute under which he was convicted. He brings his § 2241 petition pursuant to the so-called "savings clause" of § 2255(e), which permits a petition under § 2241, normally reserved for challenging the nature of confinement, when § 2255 does not provide an effective and adequate means to test the legality of a conviction. Therefore, as a threshold matter, the Court must determine whether § 2255(e) applies to the circumstances of this case.

## II.  Background

In 2003, Mr. Mesina was indicted in the United States District Court for the Southern District of Florida on a single count of conspiracy to commit money laundering, a violation of 18 U.S.C. § 1956(a)(3)(B) and (h). The Indictment stated:

> From in or about July, 2002, to January 22, 2003, in Martin and Palm Beach Conties, in the Southern District of Florida and elsewhere, the defendants
> ROMAN C. MESINA and
> JOHN R. TAYLOR,
> did knowingly combine, confederate and agree with each other and with others known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions, affecting interstate commerce, involving property represented to be the proceeds of specified unlawful activity with the intent to conceal or disguise the nature, location, source, ownership, or control of the property believed to be the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3)(B).
> All in violation of Title 18, United States Code, Section 1956(h).

This charge required the Government to allege and prove the elements of conspiracy: (1) an agreement with another person to achieve an unlawful objective; and (2) the defendant's knowing and voluntary participation in the agreement. *see United States v. Kennard*, 472 F.3d 851, 856 (11th Cir. 2006); *United States v. Silvestri*, 409 F.3d 1311, 1328 (11th Cir. 2005); *see also Whitfield v. United States*, 543 U.S. 209 (2005) (holding that § 1956(h) does not require proof of an overt act). As to the first element, the Government was required to prove that the conspiracy was aimed at concealing or disguising "the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity." 18 U.S.C. §1956(a)(3)(B). At the time of the indictment, the term "proceeds" had not been given any particular limitation to only "profits," in the statute or relevant case law.

Mr. Mesina entered a guilty plea to the charge. He was sentenced to 151 months of incarceration, 36 months of supervised release and a $25,000 fine. The Eleventh Circuit affirmed his conviction and sentence, but the Supreme Court vacated and remanded for consideration in light of *United States v. Booker*, 543 U.S. 220 (1995). Upon reconsideration, the Eleventh Circuit determined that Mr. Mesina had not raised any *Booker* issue and, therefore, deemed him to have abandoned the argument. Accordingly, it reinstated its affirmance of Mr. Mesina's conviction and sentence. *See United States v. Mesina*, 144 Fed. App'x 844, 846 (11th Cir. Aug. 16, 2005) (unpublished).

In approximately 2006 to 2007, Mr. Mesina moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Florida. The parties dispute the particular arguments the Mr. Mesina set forth in his § 2255 motion, but agree that he did not

3

challenge the meaning of the word "proceeds" in the money laundering statute.[2] The § 2255 motion was denied by the district court in the Southern District of Florida. The Eighth Circuit affirmed and the Supreme Court denied Mr. Mesina's petition for *certiorari* on October 4, 2010.

During the time that Mr. Mesina's § 2255 motion was pending in the Southern District of Florida, the Supreme Court issued its decision in *United States v. Santos*, 553 U.S. 507 (2008). In *Santos*, the Supreme Court held that the term "proceeds" as used in the money laundering statute meant "profits," not merely "gross receipts." *See* 553 U.S. at 514; *United States v. Thornburgh*, 645 F.3d 1197, 1207 (10th Cir. 2011) (noting that *Santos* was a divided 4-1-4 opinion in which the plurality and concurring opinions determined that in the context of an illegal gambling operation "proceeds" means "profits" rather than "gross receipts"). Accordingly, to establish a violation of 18 U.S.C. § 1956 in the context of *Santos*, the Government was required to show that the defendant's actions were directed or involved the profits of an illegal enterprise, not merely the gross receipts.

Mr. Mesina, now serving his sentence in a federal institution in Florence, Colorado, challenges his conviction based on the *Santos* decision. He argues that the Indictment to which he plead guilty did not adequately allege that he conspired to launder the "proceeds," as

---

[2] Mr. Mesina alleges that in his § 2255 motion, he challenged whether the indictment adequately alleged "money amounts," or proceeds. Although this challenge addresses the same element as his current *Santos* challenge, it is not the same argument as it does not challenge the meaning of the word, but instead challenges whether the indictment itself alleged the use of proceeds, within any meaning. Accordingly, this is not sufficient to have pursued his argument in the first § 2255 motion. In any event, if the Court were to consider this the same argument as that made in this § 2241 petition, the § 2241 petition would be barred pursuant to § 2255(h).

4

compared to the "gross receipts" of the unlawful activity.[3]

### III. Analysis[4]

Mr. Mesina argues that the Indictment, to which he plead guilty, did not adequately allege that he conspired to launder the profits of a specified unlawful business. Rather, the Indictment mentions only Mr. Mesina's alleged intent and agreement to launder "proceeds." He contends that, under *Santos*, the absence of such specific facts renders his conviction unlawful.[5]

An post-appeal attack on the legality of a federal conviction and sentence must generally be brought pursuant to the habeas statute for federal convictions, 28 U.S.C. § 2255. Mr. Mesina, however, has already brought a § 2255 motion and, therefore, is barred from bringing a second motion. *See* 28 U.S.C. § 2255(h). Recognizing this, Mr. Mesina brings this action pursuant to

---

[3] Mr. Mesina's Petition also states that the term "drug trafficking" is not listed as a specified unlawful activity under § 1956. He contends therefore that his conviction based on conspiracy to launder the proceeds of this unlawful activity is not valid. He does not, however, provide any grounds as to why he did not raise this argument in his first § 2255 petition. Indeed, unlike his *Santos* argument, Mr. Mesina does not allege that he could not have brought the argument in his initial § 2255 petition because the Supreme Court had not yet given its opinion. Accordingly, this argument is barred pursuant to § 2255(h).

[4] Mr. Mesina moves for a hearing in this case **(#36)**. The Court finds that no such hearing is warranted or necessary for the determination of the issue before it. Accordingly, this request is **DENIED**.

Additionally, Mr. Mesina moves for the appointment of counsel **(#14)**. As explained in this Order, however, Mr. Mesina may not pursue his claims by virtue of a § 2241 petition. No assistance of counsel would alter this determination. Therefore, Mr. Mesina has no need for the assistance of counsel and the Motion is **MOOT**. Moreover, the ground on which Mr. Mesina seeks the appointment of counsel, 18 U.S.C. § 3006A, does not provide for the appointment of counsel in § 2241 cases.

[5] The Respondent contests the scope of the *Santos* decision and, in particular, whether it applies to Mr. Mesina's circumstances and the statute under which Mr. Mesina was convicted. A determination of this issue, however, is not necessary at this juncture. Indeed, a determination of whether Mr. Mesina may proceed under § 2241 to even make the argument that *Santos* is applicable to him is a threshold issue. And, in this case, as described *infra*, that threshold issue is dispositive of Mr. Mesina's Petition.

28 U.S.C. § 2241, as permitted by § 2255(e), the so-called "savings clause" of § 2255. Before the Court can consider the merits of Mr. Mesina's petition, therefore, it must determine whether § 2255(e) applies here.

Generally, a criminal defendant's conviction and sentence are considered "final" following entry of judgment and appeal, including a petition for *certiorari* to the United States Supreme Court. *See Prost v. Anderson*, 636 F.3d 578, 583 (10th Cir. 2011). After this time, a defendant may challenge the legality of his conviction or sentence in the district court where he was sentenced pursuant to § 2255, but can bring such a motion only once. Accordingly, he should raise all possible and legally supportable arguments in his initial motion. Pursuant to § 2255(h), however, a second or successive § 2255 motion is permitted if the defendant advances a claim based on newly discovered evidence strongly suggestive of innocence or based on new rules of constitutional law made retroactive by the Supreme Court. This provision does not permit second or successive motions for new statutory interpretations announced by the Supreme Court. In addition, § 2255(e) permits a § 2255 argument to be made in a § 2241 petition if "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention."

The question becomes whether § 2255(e) was inadequate or ineffective as a procedure such that Mr. Mesina was unable to assert his argument that the Indictment did not correctly allege "proceeds." The Tenth Circuit's recent decision in *Prost, supra,* addressed this issue. In *Prost*, the petitioner was in the same position as Mr. Mesina—he had exhausted his § 2255 remedy prior to the time that the *Santos* decision was released and, therefore, sought, pursuant to § 2255(e), to bring a § 2241 petition on the ground that the Government had not proven that he

6

had laundered the profits, as opposed to merely the proceeds, of an unlawful activity. The district court dismissed the action, having determined that Mr. Prost was ineligible for relief under § 2255(e). Mr. Prost appealed.

The Tenth Circuit reviewed § 2255(e)'s savings clause and concluded that because § 2255 provided an adequate and effective manner by which he could have tested his argument, he could not fall back upon the savings clause of § 2255(e) to raise the argument in a § 2241 petition. The Court explained that the test to determine the applicability of the savings clause in § 2255(e) was whether the petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion.[6] *See* 636 F.3d at 584. If the answer to this question is "yes", then § 2255 provided an adequate and effective remedy and the petitioner may not resort to § 2255(e) and § 2241.

Applying this test to Mr. Prost's situation, the Tenth Circuit determined that § 2255 provided an adequate and effective means by which Mr. Prost could have argued that the term "proceeds" included only "profits." The Court noted that Mr. Prost had challenged his detention in a § 2255 motion but advanced no argument based upon the definition of "proceeds." The Court then compared Mr. Prost's situation to that of Mr. Santos, who raised the issue as to the definition of "proceeds" in his motion without the benefit of a supportive on-point Supreme Court opinion. Finding that Mr. Santos was able to raise the issue in his §2255 motion, it determined that Mr. Prost had been able to do so as well.

---

[6] The Tenth Circuit formulated this interpretation of the savings clause of § 2255(e) based on the text of the savings clause itself, the immediate context of the clause, the larger statutory context of the clause, the history of the clause, and the other cases addressing the clause. *See* 636 F.3d at 584-88.

The Tenth Circuit also expressly rejected both theories advanced by Mr. Prost as to why §2255 did not provide an adequate and effective means to test the "proceeds" argument. Mr. Prost's first argument was characterized as the "novelty test." Under this theory, a petitioner would be excused for failing to raise an argument in his § 2255 motion when the Supreme Court issues a decision on such a novel issue that the petitioner reasonably had no opportunity to assert it prior to the issuance of the decision. The Tenth Circuit recognized that although making an argument is certainly easier with the benefit of a supportive Supreme Court decision, some arguments can be made in the absence of a dispositive decision because they are not particularly novel. This is the case with the "proceeds" challenge. The decision in *Santos* was not so novel that Mr. Prost could not have raised the "proceeds" argument in its absence. The savings clause applies only to ensure that an issue or argument can be considered; it is not an avenue to obtain a second bite at the apple with regard to an issue that could have been previously raised. In other words, that Mr. Prost and his counsel did not think of the argument does not mean that the procedure itself was inadequate. The *Santos* decision itself demonstrates that § 2255 provided an adequate and effective means to test the "proceeds" argument.

Mr. Prost's second theory in which the savings clause might apply was referred to as the "erroneous circuit foreclosure test." Mr. Prost argued that a petitioner should be excused from not raising an argument in a §2255 motion if the argument had been rejected by the circuit in which he brought his § 2255 motion. The Tenth Circuit also rejected this potential excuse with regard to the "proceeds" argument. It noted that despite the adverse circuit precedent Mr. Prost was still free to raise his argument in a § 2255 motion and to test the merits of a negative decision with a request for *en banc* consideration or petition for *certiorari*. In other words, "the

8

possibility of an erroneous result–the denial of relief that should have been granted–does not render the procedural mechanism Congress provided for bringing that claim . . . an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause. 636 F.3d at 590 (emphasis in the original). It concluded that § 2255(h) is clear as to what later decisions or changes in law will permit a successive § 2255 motion, namely new evidence of actual innocence or a subsequent Supreme Court decision of constitutional law made retroactive. To allow a petitioner who is barred from bringing a second or successive § 2255 motion to proceed under the savings clause would strip the second or successive motion subsection of all its force. Morever, it would also ignore § 2255(f), set the time limit for asserting initial § 2255 claims based on such changes to one year from the time of the change, thereby ensuring that petitioners would not be time-barred from basing their initial § 2255 motions on statutory interpretations simply because the interpretation came out after the general time limit for asserting § 2255 motions expired. This subsection indicates that Congress recognized that new statutory interpretations may form the basis of a § 2255 claim, but it did not permit new statutory interpretations to form the basis of a second or successive motion. Accordingly, § 2255(e) cannot provide a end run around this clear limitation by Congress.

Mr. Mesina is in exactly the same position as Mr. Prost. He filed his § 2255 motion prior to the *Santos* decision, but now seeks to challenge his detention based on this decision in a §2241 petition pursuant to the savings clause of § 2255. He makes exactly the same argument—that he could not have raised the argument in his initial § 2255 motion as *Santos* had not been issued and

9

there was Eleventh Circuit precedent precluding the "proceeds" argument.[7]

This Court is bound by the Tenth Circuit's decision in *Prost*. As a result Mr. Mesina may not proceed in a § 2241 petition pursuant to the savings clause of § 2255(e) despite the fact that the basis for his argument, the *Santos* decision, had not been issued at the time he filed his § 2255 motion.[8] The Court also rejects the novelty test and the erroneous circuit foreclosure test based on the Tenth Circuit's opinion.[9] Neither the fact that *Santos* had not issued at that time he filed his motion nor the fact that there was opposing precedent in the Eleventh Circuit renders § 2255 inadequate or ineffective to test the argument. Mr. Mesina could have challenged the meaning of the term "proceeds" in his § 2255 petition, but chose not do so. Simply because a subsequent decision is favorable and provides him with ammunition for such an argument does not mean that the process provided by § 2255 was inadequate or ineffective. Accordingly, he may not rely on the savings clause of § 2255(e) to bring his argument in a § 2241 petition and,

---

[7] Mr. Mesina has moved to amend his Petition **(#20)** to affirmatively assert that § 2255 does not provide an adequate and effective means to test his argument. Although the Court understands Mr. Mesina's petition **(#6)** to include such an assertion, the Court **GRANTS** Mr. Mesina's motion to amend **(#20)** to the extent he seeks to affirmatively state that the § 2255 remedy is an inadequate and ineffective means to pursue his claim.

[8] Although the Tenth Circuit's decision in *Prost* likely extends beyond the limited confines of an argument pursuant to *Santos*, *i.e.*, it applies to all subsequent statutory interpretations by courts, this Court need not determined the extent of *Prost* as it is clear that this case falls squarely within its holding.

[9] The Tenth Circuit also acknowledged a third manner by which a petitioner might claim the benefit of § 2255(e)'s savings clause—when the bar against second or successive motions would seriously threaten to render the § 2255 process unconstitutional. It concluded, however, that Mr. Prost had not raised the issue nor provided any argument thereto and, therefore, declined to *sua sponte* address the issue. The same is true here—Mr. Mesina has not raised the argument, nor even hinted that he contends that the bar renders § 2255 unconstitutional. Accordingly, this Court also declines to address the issue *sua sponte*.

therefore, the Court lacks jurisdiction over his § 2241 Petition.[10] Such determination renders the remainder of Mr. Mesina's motions moot.

**IT IS THEREFORE ORDERED** that

(1) Mr. Mesina's Motion for Leave to Amend the Application for Writ of Habeas Corpus **(#20)** is **GRANTED**.

(2) Mr. Mesina's Motion for Hearing/Conference **(#36)** is **DENIED**.

(3) Mr. Mesina's Motion to Appoint Counsel **(#14)** is **DENIED AS MOOT**.

(4) Mr. Mesina's Amended Application for Writ of *Habeas Corpus* **(#6)** pursuant to 28 U.S.C. § 2241 is **DENIED**.

(5) The Clerk of Court shall enter Judgment and close the case.

Dated this 16th day of September, 2011

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

---

[10] It is not clear to the Court whether 28 U.S.C. § 2253 requires the issuance of a Certificate of Appealability before Mr. Mesina may seek review of this ruling. To the extent such a Certificate is necessary, the Court has considered the standards of *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and finds that Mr. Mesina has not made a substantial showing that his petition states a valid claim of the denial of a constitutional right, that the Court has jurisdiction over such claim, or that there was an actual denial of his constitutional rights such that reasonable jurists could disagree as to the disposition of his petition. Accordingly, the Court also denies a Certificate of Appealability.